This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Holly Apple ("Mother"), appeals from a judgment of the Lorain County Court of Common Pleas, Juvenile Division, which awarded legal custody of her children, K.A. and A.A., to the children's maternal grandfather and step-grandmother, Appellees Robert and Florence Apple. We reverse.
 I. {¶ 2} On February 14, 2001, Lorain County Children Services ("LCCS") filed a complaint in the Lorain County Court of Common Pleas, Juvenile Division, alleging that the minor children, A.A. and K.A were abused, pursuant to R.C. 2151.031, and seeking temporary custody. The children were removed from Mother's custody. On May 7, 2001, the parties stipulated to the finding of dependency, and the children were adjudicated abused.
 {¶ 3} The children were returned to Mother's care; however, they were removed again in July, 2001. Mother's father and step-mother, Robert and Florence Apple, who reside in Florida, filed a motion for legal custody of the children. A hearing was held before the magistrate, and the magistrate recommended that the Apples be granted legal custody of the children. Mother filed objections to the magistrate's decision. The court overruled Mother's objections and granted legal custody of the children to the Apples. This appeal followed.
 II. Assignment of Error {¶ 4} "the trial court erred to the prejudice of appellant by awarding legal custody of the minor children to Robert apple and [florence] apple."
 {¶ 5} In her assignment of error, Mother asserts that the decision of the court to grant the Apples' motion for legal custody was against the manifest weight of the evidence. We agree.
 {¶ 6} When evaluating whether a judgment is against the manifest weight of the evidence in a juvenile court, the standard of review is the same as that in the criminal context. In re Ozmun (Apr. 14, 1999), 9th Dist. No. 18983, at 3. In determining whether a criminal conviction is against the manifest weight of the evidence:
 {¶ 7} "[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Thompkins (1997),78 Ohio St.3d 380, 387, quoting State v. Martin (1983), 20 Ohio App.3d 172,175.
 {¶ 8} "[E]very reasonable presumption must be made in favor of the judgment and the findings of facts [of the trial court]." Karches v. Cincinnati (1988), 38 Ohio St.3d 12, 19. Furthermore, "if the evidence is susceptible of more than one construction, we must give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the [juvenile] court's verdict and judgment." Id. Accordingly, before an appellate court will reverse a judgment as being against the manifest weight of the evidence, the court must determine whether the trier of fact, in resolving evidentiary conflicts and making credibility determinations, clearly lost its way and created a manifest miscarriage of justice.
 {¶ 9} R.C. 2151.353(A) sets forth the juvenile court's authorized alternatives for a child who has been adjudicated dependent, providing that when a child is adjudicated a dependent child, the court may "[a]ward legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child[.]" Therefore, once the juvenile court adjudicates a child dependent, the court may award legal custody of the child to a parent or to a non-parent upon a timely motion. See R.C.2151.353(A)(3).
 {¶ 10} The decision to grant or deny a motion for legal custody is within the juvenile court's sound discretion. In re Jones (May 2, 2001), 9th Dist. No. 20306, at 11-12. Therefore, we will not reverse that decision absent an abuse of discretion. An abuse of discretion is more than merely an error of judgment; it connotes a decision that is unreasonable, arbitrary, or unconscionable. Berk v. Matthews (1990),53 Ohio St.3d 161, 169. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 11} On appeal, Mother asserts that the decision to grant the Apples' motion for legal custody is against the manifest weight of the evidence. Mother specifically asserts that Lorain County Children Services ("LCCS") failed to adequately investigate the Apples, and that "the record demonstrates that serious questions abound regarding the Apples' fitness to obtain legal custody of these children[.]"
 {¶ 12} In the hearing held before the magistrate on the Apples' motion for legal custody, Terri Sculthorpe, a LCCS caseworker, testified that a home study was performed in Florida to determine if the Apples' were a suitable placement for the children. As a result of the home study, the Florida Department of Children Families recommended that the placement of the children with the Apples be denied. The reasons given for the denial were that Mr. Apple failed to disclose a previous criminal conviction and that the couple minimized an alleged incident of sexual abuse of K.A., or believed that such an incident did not occur. No other home study was performed.
 {¶ 13} Mr. Apple testified that he thought his conviction had been sealed and that he therefore did not need to disclose it. He explained that he had worked at a drug store, selling home health care supplies. The pharmacy's delivery person had gone home for the day, and the pharmacist on duty asked Mr. Apple to deliver a package to an elderly customer. Mr. Apple went to deliver the package, found no one at home, and returned to the drug store, leaving the package in his car. The package contained methadone and Oxycontin. Mr. Apple was then charged with possession of a controlled substance, grand theft, and trafficking; he pled guilty to possession and entered a diversion program, and the remaining charges were dismissed. Mr. Apple stated that his conviction has since been sealed.
 {¶ 14} Sculthorpe testified that although Mr. Apple's conviction involved drugs, in her opinion, it did not pose any danger to the children. Sculthorpe observed the children with the Apples in July, 2001, while the Apples visited the children in Ohio. Sculthorpe has not visited the Apples in Florida, nor has she seen their residence in Florida. The Apples have three grown children, including Mother, and one minor child, R.A. Sculthorpe admitted that she did not speak with any of the grown children, but she did speak with R.A.
 {¶ 15} Both Mr. and Mrs. Apple testified that they had been foster parents when they lived in Lorain County before moving to Florida. They both stated that there had been allegations of abuse that had been referred to LCCS during the time they were foster parents. Mrs. Apple stated that the allegations were unfounded. Sculthorpe testified that she did not review any of the records from when the Apples lived in Lorain County and were foster parents, and the first time that she heard about any abuse allegations against the Apples from the time they were foster parents was at this hearing. She stated that she could retrieve the records, but that they were on microfiche, and she did not retrieve them.
 {¶ 16} Mother testified that she was against awarding legal custody to the Apples. She stated that because they live in Florida, she would not be able to have visitation with the children on a regular basis. With respect to visitation at their residence in Florida, the Apples testified that they would allow Mother to visit the children if legal custody was awarded to them; however, Mr. Apple stated that Mother would not be able to stay at their residence because items have turned up missing when Mother stays with them.
 {¶ 17} There was also testimony concerning disciplinary methods of the Apples. Mr. Apple testified that he has spanked R.A. two or three times. Mrs. Apple stated that she has also spanked R.A., that in the past, she hit one of her now grown children with a belt, and that one time she smacked the telephone out of Mother's hand, hitting her in the face. Mother testified that she and her siblings were disciplined by the Apples, they were "smacked and whipped with belts," Mr. Apple had backhanded her in the mouth, and Mrs. Apple smacked her in the mouth. Shawna Jarnigan, Mrs. Apple's niece, testified that Mrs. Apple babysat her after school for a period of three-to-five years. She stated that during that time, Mrs. Apple disciplined the children by separating them and making them sit on the couch. On cross-examination, she admitted that she did not spend every weekend there and did not really know how the children were disciplined.
 {¶ 18} Mother also testified that she felt the Apples were being vindictive in seeking legal custody of the children, that they were seeking legal custody as punishment, and not because they really wanted the children. Mother stated that she would rather her children remain in foster care than be placed with the Apples due to the way she had been raised by them.
 {¶ 19} Given the testimony in this matter, this Court concludes that the trial court erred when it granted the Apples' motion for legal custody. The caseworker for LCCS admitted that she did not investigate Mr. Apple's criminal conviction, nor did she review the records from the time the Apples were foster parents. Moreover, the only home study conducted did not recommend placement with the Apples. We conclude that the trial court lost its way when it granted legal custody of K.A. and A.A. to the Apples; therefore, the judgment was against the manifest weight of the evidence. Mother's assignment of error is sustained.
 III. {¶ 20} Having sustained the assignment of error, we reverse the judgment of the Lorain County Court of Common Pleas, Juvenile Division.
SLABY, P.J., CARR, J. CONCUR.